IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE R.J.D., <br><br>        Petitioner, <br><br>  vs. <br><br> WARDEN OF THE CALIFORNIA CITY DETENTION CENTER, <br><br>        Respondent. | Civil No. 1:26-cv-04205-MWJS <br> ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE <br><br> A# 205-852-197 |

## <u>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE</u>

Petitioner Jose R.J.D.[1] is an immigration detainee proceeding with a petition for writ of habeas corpus under 28 U.S.C. § 2241.  Dkt. No. 1.  After Petitioner was taken into state custody on narcotics charges and convicted of a controlled-substance offense, Immigration and Customs Enforcement (ICE) took him into immigration custody on October 23, 2025.[2]  *Id.*  Petitioner has been detained ever since—a period spanning approximately eight months.  *See id.* at pg. 2.

---

[1]      For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

[2]      According to Respondents, Petitioner was convicted of a controlled-substance offense involving the possession of cocaine, and he admitted that conviction during his bond proceedings before the immigration judge.  Dkt. No. 6, at pgs. 2, 4–5.

The Department of Homeland Security (DHS) has placed Petitioner in removal proceedings, which remain pending.  Respondents contend that Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c), based on his conviction for a controlled-substance offense.  Dkt. No. 6, at pgs. 3–4.  Under that statute, an individual who has been convicted of, or who admits having committed, a violation of any law relating to a controlled substance is inadmissible.  8 U.S.C. § 1182(a)(2)(A)(i)(II).

Petitioner now invokes this court's habeas jurisdiction, contending that his continued detention violates his rights under the Due Process Clause of the Fifth Amendment.  Dkt. No. 1, at pg. 2.  Before filing this petition, Petitioner sought and obtained habeas relief in the United States District Court for the Southern District of Florida.  Dkt. No. 6, at pgs. 1–2.  That court granted his petition in part on April 3, 2026, and ordered that he be afforded a bond hearing.  *Id.* at pg. 2.  An immigration judge held that hearing and denied bond, finding that Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c) because he was convicted of, and admitted, a controlled-substance offense.  *Id.*; see 8 U.S.C. § 1226(c)(1)(B).  Petitioner appealed that decision to the Board of Immigration Appeals, and that appeal remains pending.  Dkt. No. 6, at pg. 2.

To the extent Petitioner contends that he is not properly classified as subject to mandatory detention under 8 U.S.C. § 1226(c), he may not raise that challenge here without first presenting it to the immigration authorities.  *Rakeshkumar H.P. v. Warden,*

2

*California City Corr. Ctr.*, No. 1:26-cv-02869-MWJS, 2026 WL 1146201 (E.D. Cal. Apr. 28, 2026) ("[W]hile Petitioner contends that his classification under [8 U.S.C. § 1226(c)] is incorrect, a challenge of that nature must be raised, at least in the first instance, with immigration authorities rather than with a court.").  Nevertheless, the court must consider and decide Petitioner's due process claim.[3]  *Accord Solorzano-Ramirez v. Warden, California City Det. Facility*, No. 1:26-cv-2540 DC CSK, 2026 WL 1257256, at *2–4 (E.D. Cal. May 7, 2026).

Although the Supreme Court in *Demore v. Kim*, 538 U.S. 510 (2003), held that 8 U.S.C. § 1226(c) is facially constitutional, it left open the possibility of individualized constitutional challenges to prolonged detention under that statute.  *See id.* at 526 (holding that the government may detain a noncitizen under § 1226(c) for the "limited period necessary for their removal proceedings"); *see also id.* at 532 (Kennedy, J., concurring) (explaining that "since the Due Process Clause prohibits arbitrary deprivations of liberty, a lawful permanent resident alien . . . could be entitled to an

---

[3]    Petitioner asserts that the immigration judge denied bond for lack of jurisdiction. Dkt. No. 1, at pg. 5.  The record reflects, however, that the immigration judge denied bond on the merits, determining that Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c).  Dkt. No. 6, at pgs. 1–2, 7–8.  In any event, Petitioner does not dispute that he received a bond hearing, and that fact does not resolve his constitutional claim.

individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified").[4]

Judges have reached different conclusions about what standards ought to govern as-applied challenges to prolonged, mandatory detention under 8 U.S.C. § 1226(c). *See generally Keo v. Warden of the Mesa Verde Ice Processing Ctr.*, Case No. 1:24-cv-00919, 2025 WL 1029392, at *5 (E.D. Cal. Apr. 7, 2025) (summarizing precedents), *appeal dismissed sub nom. Keo v. Warden*, No. 25-3546, 2025 WL 2528945 (9th Cir. June 27, 2025). Under even the most general possible standards, the record at this stage does not support Petitioner's due process claim.

Petitioner has been in immigration custody for approximately eight months. He offers no evidence that the government has been the cause of any delay in his removal proceedings, or that there is any reason to fear there will be delay in the future. On this record, regardless of precisely what legal standards the court adopts, Petitioner's constitutional claim cannot prevail at this time. *Accord Carlos A.C.J. v. Warden of the Mesa Verde Det. Facility*, No. 1:26-cv-04434-MWJS, 2026 WL 1752066, at *2 (E.D. Cal. June 17, 2026) (concluding that detention of approximately seven and a half months under 8 U.S.C. § 1226(c) did not violate due process); *see also Keo*, 2025 WL 1029392, at *6–8 (concluding that twenty-two-month detention under 8 U.S.C. § 1226(c) did not violate

---

[4]     The Court in *Jennings v. Rodriguez*, 583 U.S. 281, 312 (2018), likewise declined to rule on the question of whether 8 U.S.C. § 1226(c)'s mandatory detention provisions might, in individualized circumstances, become unconstitutional as applied.

4

due process); *Oth v. Chestnut*, No. 1:25-cv-01367-KES-HBK (HC), 2026 WL 323053, at *5–8 (E.D. Cal. Feb. 6, 2026) (concluding that fourteen-month detention under 8 U.S.C. § 1226(c) did not violate due process); *Daley v. Andrews*, No. 1:25-cv-00922-KES-CDB (HC), 2026 WL 101840 (E.D. Cal. Jan. 14, 2026) (concluding that seventeen-month detention under 8 U.S.C. § 1226(c) did not violate due process).

The petition, Dkt. No. 1, is therefore DENIED without prejudice.  Because the petition is denied on these grounds, the court does not reach Respondents' remaining arguments for dismissal or denial.  The Clerk of Court is DIRECTED to close this case and enter judgment for Respondent.

IT IS SO ORDERED.

DATED:  June 23, 2026, at Honolulu, Hawai'i.



/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge

Civil No. 1:26-cv-04205-MWJS; *Jose R.J.D. v. Warden of the California City Detention Center*; ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE